### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**GEORGE BRENT BAILEY JR.**                                                      **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:14-CV-264-CWR-FKB**

**V.A. (SONNY) MONTGOMERY**                                           **DEFENDANT**
**VETERAN ADMINISTRATION AFFAIRS**

### ORDER

Before the Court is the defendant's motion to dismiss. Docket No. 22. The plaintiff has responded, Docket No. 25, and the matter is ready for review.

George Brent Bailey, Jr. alleges that in January 2010, he was the victim of medical malpractice at the G.V. (Sonny) Montgomery VA Medical Center in Jackson, Mississippi. Docket No. 3. In January 2014, Bailey says, he sent a letter to the VA placing it on notice of his claim. Docket No. 1-2, at 1-5. In March 2014, Bailey filed this suit. Docket No. 1.

Medical malpractice suits against the federal government are governed by the Federal Tort Claims Act (FTCA). The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (quoting 28 U.S.C. § 2401(b)); *see also Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) ("A plaintiff must provide the agency with her notice of claim within two years after her claim accrues."). "[I]t is well-settled that a tort action under the FTCA accrues when the plaintiff knows or has reason to know of the alleged injury that is the basis of the action." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011), *abrogated on other grounds by Wong*, 135 S. Ct. at 1630.

Here, as the government observes and Bailey does not dispute, Bailey did not present his claim to the appropriate Federal agency within two years of the alleged medical malpractice. His January 2014 letter to the VA – assuming for present purposes that it constituted sufficient notice – was sent approximately two years too late.

The Court is sympathetic to Bailey's situation. He appears to be suffering from some ongoing medical issues, *see* Docket No. 25, and is plainly frustrated with the government's invocation of the two-year limitation period as well as the difficulties inherent in a layperson serving the federal government with a lawsuit, *see id*. His grievances about the law and legal procedure, however, understandable as they are, are unfortunately foreclosed by Congress. It is that body which placed the two-year limitations period on FTCA claims which is responsible for the dismissal of his suit. *See Wong*, 135 S. Ct. at 1634.[1]

For these reasons, the motion to dismiss is granted. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 28th day of December, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Although the government points out several other deficiencies in the plaintiff's complaint, the Court notes that the plaintiff has not named the proper defendant. In an FTCA action, the United States must be the sole named defendant. *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit. . . . Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").